UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

FS (XXX-XX-8529)                          CIVIL ACTION NO. 09-cv-0818

VERSUS                                    JUDGE STAGG

U.S. COMMISSIONER SOCIAL                  MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

**REPORT AND RECOMMENDATION**

**Introduction**

FS ("Plaintiff") was born in 1960 and has past work experience as a groundskeeper. He suffers from Crohn's disease, depression and hypertension. The Agency found him disabled at one time but terminated benefits in the summer of 2007 because Plaintiff was working and earning more than allowed by the disability regulations. He filed his current application in August 2007 and alleged that he had become disabled beginning July 23, 2007.

ALJ Larry J. Butler conducted a hearing and issued a decision that Plaintiff was not disabled because he was capable of performing his past relevant work as a groundskeeper. The Appeals Council denied a request for review. Plaintiff filed this civil action seeking judicial review. For the reasons that follow, it is recommended that the Commissioner's decision be affirmed.

**Determination of Disability**; **The Five-Step Process**

Disability Insurance Benefits (Part 404) eligibility and amount are tied to the applicant's earnings history. Supplemental Security Income or SSI (Part 416) has no

minimum earnings prerequisite and pays a fixed monthly benefit to all recipients. The law governing the determination of disability is the same for both. Haywood v. Sullivan, 888 F.2d 1463, 1467 (5th Cir. 1989) A five-step sequential evaluation is employed:

1. The claimant must not be engaging in substantial gainful work activity.

2. The claimant must have a "severe" impairment as defined by Stone v. Heckler, 752 F.2d 1099, 1101 (5th Cir. 1985).

3. If the impairment meets or equals an impairment listed in Appendix 1 of the regulations the person will be considered disabled without consideration of vocational factors.

4. A claimant capable of performing his past relevant work is not disabled.

5. If a claimant cannot perform his past work, other factors including age, education, work experience, and residual functional capacity ("RFC") must be considered to determine if he can perform other work.

42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1520 (DIB); and 416.920 (SSI). The claimant has the burden on the first four steps of the analysis. Bowen v. Yuckert, 107 S.Ct. 2287, 2294 n. 5 (1987). The burden shifts to the Commissioner on the fifth step. Id. "A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." Lovelace v. Bowen, 813 F.2d 55, 58 (5th Cir. 1987).

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal

standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

The Scheduling Order (Doc. 7) requires the plaintiff's brief to set forth in numbered paragraphs the specific errors committed at the administrative level which the plaintiff claims entitle him to relief. The argument is to then be divided into sections that separately address each listed issue. Plaintiff's brief does not list errors as required by the Scheduling Order. A fair reading of the brief, however, shows that Plaintiff complains that the ALJ was wrong to find that he does not meet the requirements of listing 12.04.

Some background discussion will benefit the analysis of the step three listing issue. Plaintiff was last employed full time in November 2005. He was fired from an automotive systems company due to "continued inability to control your emotions and to maintain your composure in the workplace." Doc. 9, Exhibit 3. Plaintiff later began working at Louisiana Downs casino and racetrack, under the supervision of Danny Brooks. Plaintiff's counsel described the job as "charity work" that amounted to little more than watching horses and picking up paper in the parking lot. Tr. 252-53. The work, in any event, at one point led to

Plaintiff earning too much money to be qualified for disability benefits. Plaintiff has since reduced his work hours to 12 to 15 hours a week. Plaintiff testified that this was because of his health limitations. Tr. 259. Mr. Brooks wrote in a July 2008 letter (attached to Plaintiff's brief) that Plaintiff had worked for him for five years and had recently had to adjust his schedule due to medical reasons, with the adjustments including more breaks and fewer hours.

The ALJ found at step one that Plaintiff's 15 hours of work per week did not amount to substantial gainful activity. He then proceeded to step two, where he found that Plaintiff had the following severe impairments: hypertension, history of Crohn's disease, chronic hemorrhoids, generalized anxiety disorder, and depression. Tr. 12.

The ALJ then turned to step three, which examines whether the claimant has an impairment or combination of impairments that meets or equals one of the listed impairments founds in the regulations. The listings found in the regulations describe levels of impairment related to each of the major body systems. The Commissioner has set the medical criteria defining the listed impairments at a higher level of severity than the statutory standard. The listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing *any* gainful activity, not just "substantial gainful activity." Sullivan v. Zebley, 110 S.Ct. 885, 891 (1990); 20 C.F.R. § 404.1525 and § 416.925. Thus, a finding that a claimant's impairment satisfies a listing compels a finding of disabled without any further analysis.

Listings criteria are "demanding and stringent." Falco v. Shalala, 27 F.3d 160, 162 (5th Cir.1994). A mere diagnosis of a condition will not suffice. The claimant "must have a medically determinable impairment(s) that satisfies all of the criteria in the listing." § 404.1525(d); § 416.925(d). The burden of proof rests with a claimant to provide and identify medical signs and laboratory findings that support all criteria for a step three listing determination. Sullivan,110 S.Ct. at 891.

Under listing 12.04 (affective disorders), a claimant must meet both the A and B criteria or the C criteria. Plaintiff does not argue that he satisfied the C criteria, which requires repeated episodes of decompensation, inability to function outside a highly supportive living arrangement, and the like. Plaintiff's argument focuses on the A and B criteria.

The listing states that affective disorders are characterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome. The required level of severity for such disorders is met when the requirements in both A and B are satisfied. The A requirements include medically documented persistence of depressive syndrome with certain symptoms, manic syndrome characterized by certain signs or symptoms, or bipolar syndrome with a history of episodic periods manifested by the full symptomatic picture of both manic and depressive syndromes. It is debatable whether Plaintiff satisfies the rather demanding A criteria, but the ALJ did not specifically analyze those issues. Rather, he

skipped ahead and determined that Plaintiff did not meet listing 12.04 because he did not meet the B criteria.

The B criteria require that the affective disorder identified in A results in at least two of the following: (1) marked restriction of activities of daily living; (2) marked difficulties in maintaining social functioning; (3) marked difficulties in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of extended duration. There were no episodes of decompensation, but Plaintiff argues that he had marked restrictions in at least two of those areas.

The regulations typically describe impairments in increasing levels of severity: none, moderate, marked, and extreme. The regulation for mental impairments states that where the Agency uses "marked" as a standard for measuring the degree of limitation, it means more than moderate but less than extreme. A marked limitation may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with the claimant's ability to function independently, appropriately, effectively, and on a sustained basis. Listing 12.00(C).

A review of Plaintiff's medical history is necessary to assess the ALJ's decision. Plaintiff saw a family physician in 2004 to request medication for his nerves; he had been suspended from work because of anger management problems. The physician prescribed Lexapro. Tr. 213. Plaintiff reported in June 2005 that his moods were "much better," and the physician told him it was due to the medication. Tr. 209.

The Agency referred Plaintiff for a consultative evaluation by clinical neuropsychologist Webb Sentell, PhD. Plaintiff reported at the February 2006 examination that he received in-patient psychiatric care at age eight because he thought he saw a rat crawl down his clothes. He has also been treated twice for attempted suicide, but he said he was "drinking and not suicidal." Plaintiff reported that he graduated high school, attended two years of college, and enlisted in the Marines, but he did not make it through basic training because of problems with authority. Plaintiff sat sideways with his head turned away from the examiner, and his eye contact was minimal. He said he liked to be by himself and did not have much to talk about. Dr. Sentell concluded that Plaintiff had significantly impaired social relationships, observable and vegetative signs of depression with history of mood swings, paranoid ideation, variable concentration, pace, and persistence, poor insight into social judgment, and his activities of daily living were significantly limited due to emotional concerns and social impairments. Tr. 140-43.

Clinical neuropsychologist Thomas Staats, PhD. conducted a consultative evaluation in September 2007. Plaintiff appeared tense, but he denied it and said he had only occasional anxiety or excessive worry. His thinking was intact, logical, and coherent. Dr. Staats concluded that Plaintiff's thinking appeared adequate in regard to content and reality testing, his understanding was intact, and his memory was variable. Sustained concentration was inadequate, persistence was poor, adaptation was marginal, and social interaction was poor. Tr. 214-16.

A state agency examiner, Tom Ray, PhD., completed an evaluation form based on a review of Plaintiff's medical records but without benefit of a personal examination. The October 2007 evaluation found that Plaintiff had depressive disorder and anxiety disorder. With regard to the B criteria, Ray found only a mild degree of limitation in activities of daily living and maintaining concentration, persistence, or pace. A moderate limitation was found in maintaining social functioning. Tr. 218-36.

The ALJ's findings were consistent with those of Dr. Ray. He found that Plaintiff had only a mild restriction in activities of daily living. Plaintiff was able to care for his personal needs, cook, shop, clean his surroundings, and work 15 hours per week. The ALJ found a mild limitation with regard to concentration, persistence, or pace. Plaintiff had displayed concentration problems at one consultative evaluation, but when seen more recently, his affect was appropriate. The ALJ found a moderate limitation in social functioning based on Plaintiff's desire to be alone and concerns about being taken advantage of. Tr. 15.

Plaintiff argues that one must interpret the reports from Dr. Sentell and Dr. Staats to indicate marked restrictions based on mental impairment. The state agency examiner, however, made findings consistent with those of the ALJ. State agency medical and psychological consultants are highly qualified and are experts in the evaluation of the medical issues in disability claims under the Act. Social Security Ruling 96-6p. An ALJ is not bound by those findings but may not ignore them and must explain the weight given to

them.  Id.  The ALJ in this case recognized the state agency examiner's report (Tr. 17), and his decision was consistent with it.

The undersigned does not interpret the reports from Dr. Sentell and Dr. Staats to mandate a finding of a marked limitation in any area.  The state agency examiner and ALJ reasonably interpreted and applied the results of those consultative examinations to the requirements of the regulations and the listing.  The ALJ's decision is based on a credible evidentiary determination, so there is substantial evidence to support it, and the court must affirm the decision.

Accordingly,

**IT IS RECOMMENDED** that the Commissioner's decision be affirmed.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that

party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 7th day of January, 2011.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE